## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| NAOMI PETITE, | * | CIVIL ACTION NO. |
| | * | |
| | * | |
| *Plaintiff* | * | |
| | * | JUDGE: |
| vs. | * | |
| | * | |
| UNITED NATIONAL INSURANCE COMPANY, | * | |
| | * | MAGISTRATE: |
| *Defendant* | * | |
| | * | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff homeowner NAOMI PETITE ("Plaintiff"), who respectfully files this Complaint herein against the Defendant insurer, UNITED NATIONAL INSURANCE COMPANY (hereinafter, "Defendant"), on the grounds and for the reasons set forth below, to wit:

### PARTIES

### 1.

NAOMI PETITE ("Plaintiff"), is a person of the full age of majority and is domiciled in this Federal Judicial District and Division within the State of Louisiana, and at all times relevant herein was the owner of the insured property at issue in this matter (the "Property"). At all times relevant and material to this matter, the Property, located at 2436 Jay Benjamin Rd, Natchitoches, Louisiana 71457, was insured against property damage by a policy of insurance issued and maintained by Defendant. A specific policy number is not identified as Defendant has either not yet responded or otherwise denied Plaintiff's request for the production of its policy number.

### 2.

Made and named as defendant herein is UNITED NATIONAL INSURANCE COMPANY, a foreign insurance corporation organized and incorporated under the laws of the State of Pennsylvania with a principal place of business located in Bala Cynwyd, Pennsylvania, but which is authorized to do and doing business in the State of Louisiana, and which may be served through its agent for service of process in this State: Louisiana Secretary Of State, 8585 Archives Avenue, Baton Rouge, LA 70809.

### JURISDICTION AND VENUE

**3.**

This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship as between the parties, and the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. Specifically, Plaintiff herein is a citizen of the State of Louisiana, whereas Defendant herein is a foreign corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in Bala Cynwyd, Pennsylvania, which makes it a citizen of that state. Thus, complete diversity of citizenship exists under 28 U.S.C. § 1332.

**4.**

This Court has personal jurisdiction over Defendant because it does and is authorized to do business in the State of Louisiana, and because it issued policies of insurance covering the Property that is situated in this State and this federal judicial district.

**5.**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims which are the subject of this lawsuit occurred within this federal judicial district, and because Plaintiff's Property is the subject of this litigation and is situated entirely within this federal judicial district.

## FACTUAL BACKGROUND

### 6.

At all times relevant to this matter, Defendant maintained a policy of property insurance providing coverage for the Plaintiff's Property (the subject "Policy") as identified above in ¶ 1,[1].

### 7.

Plaintiff's Policy, at all times relevant and material to the case, constituted a contract between Plaintiff and Defendant.

### 8.

Plaintiff fully performed at all times under the Policy, including by paying all premiums when due and satisfying all other Policy requirements, and such Policy was in full force and effect on both August 27, 2020 and October 9, 2020.

### 9.

On or about August 27, 2020, Hurricane Laura swept through Southwest Louisiana as the strongest hurricane to affect Southwest Louisiana in recorded history, ultimately causing extensive and catastrophic physical damage to the Plaintiff's Property.

### 10.

The mandatory evacuation issued by State government officials on August 24, 2020 in anticipation of Hurricane Laura remained in place for more than two months, leaving homes and businesses that were severely damaged by Hurricane Laura, including the subject Property, neglected and exposed to unrelenting heat and humidity for months.

### 11.

---

[1] Again, it bears reiterating here, that to the extent a specific policy number for the Plaintiff's subject Policy is not identified hereinabove in ¶ 1, this is because some discrepancy still exists as to the actual correct policy number. In an effort to resolve any such discrepancy, undersigned counsel has repeatedly requested this specific information from Defendant, including, but not limited to, in its initial Letter of Representation, but to date, Defendant has either not yet responded or otherwise repeatedly denied this request and advised that this information cannot be provided.

A little over a month later, on or about October 9, 2020, Hurricane Delta made landfall in Southwest Louisiana, causing extensive *additional* damage to Plaintiff's Property, each of which had already been devastated by Hurricane Laura. In the end, Hurricane Delta was equally catastrophic, particularly in the areas that had just been ravaged by Hurricane Laura only 43 days before, ultimately significantly exacerbating the extensive and catastrophic physical damage that had already been caused to Plaintiff's Property by Hurricane Laura.

**12.**

At the times of both Hurricane Laura and Hurricane Delta (the subject "Hurricanes"), the Plaintiff's Policy was in full force and effect and provided coverage for the specific type of damage to the Property that were caused by said Hurricanes.

**13.**

As a consequence of the two Hurricanes, Plaintiff has incurred and/or will incur significant expenses to restore Plaintiff's Property to its pre-storm condition.

**14.**

Following both of the Hurricanes, Plaintiff timely gave notice of and reported covered damages and losses to Defendant and properly submitted to Defendant claims for insurance proceeds owed under Plaintiff's Policy.

**15.**

After being notified by the Plaintiff of damages and losses to the Property caused by the Hurricanes, Defendant scheduled and conducted an inspection of said Property, giving Defendant, at that time, both actual and satisfactory proof of the losses and the covered damages sustained by said Property.

**16.**

Invariably, the Defendant's inspection of the Plaintiff's Property and corresponding

adjustments of the covered losses was wholly deficient, resulting in an estimate of damages which grossly misrepresented the true nature, scope, and/or extent of the covered damages to the Property caused by the subject Hurricanes.

## 17.

Despite having proof of the true nature, scope, and extent of the damages to the Property caused by the subject Hurricanes, Defendant arbitrarily and capriciously refused to honor its obligations under the Plaintiff's Policy, including, among other ways, by systematically denying and/or underpaying Plaintiff's insurance claims, and by failing to pay the full amounts due and owing to Plaintiff under the Policy within time periods prescribed by law.

## 18.

Defendant has since continued unfairly and improperly in delaying action and denying the full payments owed to Plaintiff under the Policy, all of which still remains due and owing to Plaintiff, under the subject Policy.

## 19.

As a result of Defendant's vexatious refusal to pay each of the Plaintiff's claims fairly and promptly and to otherwise perform under the Policy, including, but not limited to, its failures to timely pay all amounts owed to the Plaintiff under the Policy, Plaintiff has suffered and continues to suffer considerable damages for which Defendant is now liable.

## BREACH OF CONTRACT

## 20.

Plaintiff repeats and re-alleges each and every allegation set forth above as if copied and restated herein *in extenso*.

## 21.

Plaintiff's Policy, delineated above, at all times relevant and material to the case,

constituted a contract between Plaintiff and this Defendant.

**22.**

Plaintiff fully performed at all times under the Policy, including by paying all premiums when due and satisfying all other Policy requirements, and such Policy was in full force and effect on both August 27, 2020 and October 9, 2020.

**23.**

Despite having received satisfactory proof of the losses and covered damages to the Property caused by the subject Hurricanes, Defendant denied and/or grossly underpaid the Plaintiff's insurance claim and, in so doing, breached its contractual obligations to timely pay all amounts owed under the Policy.

**24.**

In particular, Defendant materially breached and failed to perform under the Policy by, among other ways: **a)** not thoroughly investigating the Plaintiff's claims; **b)** providing and relying upon unrealistic and arbitrary estimates of the value of the covered damages; **c)** arbitrarily dismissing obvious damage caused by the subject Hurricanes; **d)** denying all or part of, and/or grossly underpaying each of the Plaintiff's claims despite obvious covered damages; **e)** not tendering the reasonable and necessary proceeds due under the Policy in a timely fashion to repair the covered damages to the Property; **f)** failing to timely and unconditionally tender the undisputed amounts owed under the Plaintiff's Policy for the losses and damages covered; and/or **g)** not acting reasonable under the circumstances.

**25.**

Further, Defendant's conduct in the handling and adjustment of the Plaintiff's claims, including, but not limited to, its vexatious refusal and failure to timely pay all sums clearly owed under the Policy, has been arbitrary, capricious, and without probable cause.

**26.**

As a result of Defendant's continuing breaches of its contractual duties under the Policy, Plaintiff has suffered and continues to suffer both general and special damages for which Defendant is now liable; this includes, but not limited to, all amounts owed under the Policy that remain unpaid, all costs associated with recovering, repairing and/or replacing the covered Property, plus the increased repair and replacement costs due to market inflation, as well as all mitigation costs, additional living expenses, and all other amounts owed under all applicable coverages, plus general damages for delay, mental anguish, emotional distress and inconvenience, plus statutory penalties on all amounts owed but not timely paid under La. R.S. 22:1892 and La. R.S. 22:1973, discussed *infra*, plus reasonable attorneys' fees and costs, together with interest and all other damages that Plaintiff may prove as allowed by law.

### STATUTORY VIOLATIONS AND PENALTIES UNDER LA. R.S. 22:1892 AND LA. R.S. 22:1973

**27.**

Plaintiff repeats and re-alleges each and every allegation set forth above as if copied and restated herein *in extenso*.

**28.**

La. R.S. 22:1892 expressly obligates a property insurer issuing policies in the State of Louisiana, such as Defendant here, to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss from the insured," La. R.S. 22:1892(A)(1), and further, to "make a written offer to settle any property damage claim … within thirty days after receipt of satisfactory proofs of loss of that claim." La. R.S. 22:1892(A)(4). The same statute further provides that an insurer's failure to do so shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent (50%) damages on the amount found to be due, "as well as reasonable attorney fees and costs."  La. R.S. 22:1892(B)(1).

**29.**

Defendant failed to pay all of the amounts owed to the Plaintiff under the Policy within thirty (30) days of receiving satisfactory proof of the covered losses in direct violation of La. R.S. 22:1892, and Plaintiff remains entitled to all such amounts owed under the Policy that remain unpaid.

**30.**

Specifically, Defendant breached its statutory obligations owed to the Plaintiff herein under La. R.S. 22:1892 by **a)** failing to pay the Plaintiff the full amount owed under the Policy within thirty (30) days of receiving satisfactory proof of the covered losses, and further, in most cases herein, by **b)** failing to make a written offer to settle the Plaintiff's claims within thirty (30) days after receiving satisfactory proofs of the losses.

**31.**

Consequently, pursuant to La. R.S. 22:1892, Defendant is now liable unto Plaintiff herein for all amounts owed under the Policy that remains unpaid, plus, an additional statutory penalty of 50% of each such amount, plus "reasonable attorney fees and costs."  La. R.S. 22:1892(B)(1).

**32.**

Additionally, La. R.S. 22:1973 further imposes on property insurers issuing policies in Louisiana, such as Defendant here, a general duty of "good faith and fair dealing," specifically including "an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured." La. R.S. 22:1973(A). This general duty further specifically includes, among other things, an obligation not to misrepresent pertinent facts, and an obligation to pay the full amount of any claim due an insured within sixty (60) days after receipt of satisfactory proof of loss. *See* La. R.S. 22:1973(B). Any insurer who breaches these obligations is liable for damages sustained as a result of the breach, as well as a penalty of up to

"two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C).

**33.**

Defendant plainly breached its statutory duties of good faith and fair dealing set forth in La. R.S. 22:1973 by, among other ways: a**)** failing to adjust each of the Plaintiff's claims fairly and promptly; b**)** failing to make a reasonable effort to settle Plaintiff's claim(s); c**)** arbitrarily and capriciously, and without probable cause, failing to pay the full amount of the claim owed to the Plaintiff under the Policy within sixty (60) days of having received satisfactory proof of the losses; and d**)** making misrepresentations of pertinent facts concerning the amounts owed and the extent of coverage under the Policy. *See* La. R.S. 22:1973(A)-(B).

**34.**

As a consequence of Defendant's breaches of its statutory duties set forth under La. R.S. 22:1973, Defendant is now additionally liable unto the Plaintiff for all of the general and special damages sustained by Plaintiff as a result of said breaches, including, but not limited to, all amounts owed under the Policy that remain unpaid, plus an additional statutory penalty of "two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. 22:1973(C).

**35.**

Defendant was, is, and continues to be in violation of both La. R.S. 22:1892 and La. R.S. 22:1973 and is thus liable unto Plaintiff for general and special damages, statutory penalties, attorneys' fees, interest and costs, all as is specifically intended and allowed for under said statutes and applicable Louisiana law.

**36.**

Indeed, as a result of Defendant's continuing breaches of both its legal and contractual

duties, Plaintiff has suffered and continues to suffer both general and special damages for which Defendant is now liable; this includes, but not limited to, all amounts owed under the Policy that remain unpaid, all costs associated with recovering, repairing and/or replacing the covered Property, plus the increased repair and replacement costs due to market inflation, as well as all mitigations costs, additional living expenses, and all other amounts owed under all applicable coverages, plus general damages for delay, mental anguish, emotional distress and inconvenience, plus statutory penalties on all amounts owed but not timely paid under La. R.S. 22:1892 and La. R.S. 22:1973, including reasonable attorneys' fees and costs, together with interest and all other damages that Plaintiff may prove as allowed by law.

### JURY DEMAND

### 37.

Pursuant to FED. R. CIV. P. 38, Plaintiff hereby requests a trial by jury.

**WHEREFORE**, on the basis of the above and foregoing, Plaintiff brings this action in respectfully praying as follows:

a) That the named defendant herein, UNITED NATIONAL INSURANCE COMPANY ("Defendant"), be served with a copy of this Complaint and be duly cited to appear herein and answer the same;

b) That after all due proceedings are had, judgment be entered herein in favor of Plaintiff, and against Defendant, finding Defendant in breach of the subject insurance Policy and in violation of applicable law, and thus awarding to the Plaintiff all damages that are reasonable in the premises, including, but not limited to, all benefits and amounts due under the subject insurance Policy, plus all statutory penalties, attorneys' fees, interest and costs owed under La. R.S. 22:1892 and La. R.S. 22:1973, together with legal interest thereon from the date of judicial demand until fully paid, all as afforded under applicable law; and

c) For all orders, decrees, and other general and equitable relief to which Plaintiff may be entitled and/or which this Court may deem appropriate in the premises.

Respectfully Submitted:
**MCCLENNY MOSELEY & ASSOCIATES, PLLC**

_/s/ Cameron Snowden_____

**R. William Huye, III, LA Bar No. 38282**
**Claude F. Reynaud III, LA Bar No. 31534**
**Cameron Snowden, LA Bar No. 35333**
**Grant Gardiner, LA Bar No. 39888**
1820 St. Charles Ave., Suite 110
New Orleans, Louisiana 70130
Principal Office: (713) 334-6121
Facsimile: (713) 322-5953
William@mma-pllc.com
Claude@mma-pllc.com
Cameron@mma-pllc.com
Ggardiner@mma-pllc.com

*Attorneys for Plaintiff*